## (January 17, 1980)

■ PROTECTORS OF PINE OAK WOODS, INC., et al., Respondents, v EDWARD I. KOCH, as Mayor of the City of New York, et al., Appellants.—In an action for a permanent injunction, the defendants appeal from an order of the Supreme Court, Richmond County, dated January 16, 1980, which granted plaintiffs' motion for a temporary injunction "for the relief set forth in the order to show cause" dated January 9, 1980. Order modified by adding thereto immediately after the provision, "the plaintiffs' motion for a temporary injunction for the relief set forth in the order to show cause is granted", the following: "except plaintiffs' motion is denied as to the relief requested in paragraphs 'a' and 'd' of the January 9, 1980 order to show cause and is further denied as to the relief requested in paragraph 'c' thereof only insofar as it seeks to enjoin 'the defendants Solomon and the New York City Health and Hospitals Corporation or their agents or employees from taking any votes or other action which relates to a cancellation of the leases with the City of New York relating to property on Staten Island'." As so modified, order affirmed, without costs or disbursements, and it is directed that the issues be disposed of expeditiously. The defendants' service upon the plaintiffs of a notice of appeal from the order of Special Term granting plaintiffs' motion for a temporary injunction automatically stayed all proceedings to enforce the order pending the appeal (see CPLR 5519, subd [a], par 1). By order to show cause the plaintiffs moved in this court to vacate the statutory stay. The return date of this motion was advanced from January 21, 1980 to January 17, 1980, at which time the parties stipulated that the argument of the motion should be considered the argument of the appeal. Our modification of Special Term's order consists of permitting the City of New York to take steps with respect to the consideration of a proposed cancellation of the leases the New York City Health and Hospitals Corporation has with the City of New York, but not with respect

to the sale of the property here involved. The steps we are permitting the City of New York to take will not result in irreparable injury to the plaintiffs and, therefore, a stay as to those steps is not warranted. We do not see how the interests of any of the parties will be harmed by the holding of a public hearing and a vote with respect to a proposed cancellation of the leases. Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.